## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | **Case No. 25-00243-ELG** |
| **Real Estate Management &** ) | **Chapter 7** |
| **Consulting, LLC,** ) | |
| Debtor. ) | |
| ) | |
| ) | |
| **H. Jason Gold, Trustee,** ) | |
| Plaintiff, ) | |
| **v.** ) | **Adversary Proceeding** |
| ) | **No. 25-_____-ELG** |
| **CV3 Alpha RE, LLC, solely in its** ) | |
| **Capacity as Separate Trustee for** ) | |
| **CV3 Alpha Trust,** ) | |
| Serve: ) | |
| **2101 East El Segundo Blvd.** ) | |
| **Suite 203** ) | |
| **El Segundo, CA 90245** ) | |
| Defendant. ) | |
| ) | |

### COMPLAINT TO DETERMINE VALIDITY OF LIEN

H. Jason Gold ("Gold" or "Trustee"), the duly appointed Trustee in Bankruptcy

for Real Estate Management & Consulting, LLC ("Real Estate Management &

Consulting" or "Debtor") in the above-captioned Chapter 7 case, by and through the

undersigned counsel, pursuant to 11 U.S.C. §105 and Fed. R. Bankr. P. 7001(b),

respectfully files this *Complaint* seeking to determine the validity of a lien putatively

encumbering improved real property of the bankruptcy estate more particularly described

below, and in support thereof states as follows.

### Jurisdiction and Venue

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28

U.S.C. §§ 1334(a) and 157(a).  This matter is a core proceeding within the meaning of 28

U.S.C. §157(b)(2)(A), (K) and (O). Venue is proper in this Court pursuant to 28 U.S.C.

Robert M. Marino, Esq. DC Bar No. 411597
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
703-879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee

§§1408 and 1409. The Trustee hereby consents to the entry of a final order or judgment

by the Bankruptcy Court in this proceeding.

## Parties

2.      Plaintiff Gold is the duly appointed Chapter 7 Trustee for the Debtor in the

above-captioned Chapter 7 case.

3.      Upon information and belief, defendant CV3 Alpha RE LLC ("CV3 Alpha

RE" or "Defendant") is the Separate Trustee for CV3 Alpha Trust ("CV3 Trust"), a

Delaware statutory trust, and has an address of 2101 East El Segundo Blvd., Ste #203, El

Segundo, CA 90245.

## Background

4.      The Debtor is a limited liability company formed on or about November 10,

2016, under the laws of the State of Maryland. Following forfeiture for non-payment of

annual fees, the Debtor's status as a Maryland limited liability company was revived by

Articles of Reinstatement filed on January 3, 2020. The Debtor has never maintained the

name "REMC" as a registered alias. The Debtor was registered to do business in the District

of Columbia on May 25, 2021.

5.      REMC LLC ("REMC") is a limited liability company formed on or about

August 10, 2023, under the laws of the District of Columbia. REMC is an entity that is

separate and legally distinct from the Debtor.

6.      The Debtor has never maintained the name "REMC" as a registered alias or

registered Trade Name in the District of Columbia.

7.      By *Deed* dated May 28, 2021 (the "S Street Deed"), from MAD

Development, LLC, as grantor, to Real Estate Management & Consulting, LLC, as grantee,

recorded on November 3, 2021, as Doc #2021145737 among the land records of the

Recorder of Deeds of the District of Columbia (the "Recorder of Deeds"), the Debtor

acquired title to improved real property located at 3724 S Street NW, Washington DC

20007 and having a legal description of Lot 42, Square S1308, in Huidekoper and

Huidekoper, Trustees' subdivision of Block 138 "Burleigh Addition to West

Washington," as per plat recorded in the Office of the Surveyor in Liber 71 at Folio 198,

Tax Map No. 1308-S-0042 (the "S Street Property"). A true copy of the *S Street Deed* is

attached and incorporated by reference as Exhibit A.

8.      Based upon a title bringdown prepared on behalf of the Trustee, the S Street

Property is putatively encumbered by a lien evidenced by a *Refinance Deed of Trust,*

*Assignment of Leases and Rents, and Security Agreement* dated December 15, 2023 (the

"CV3 Deed of Trust"), by and between REMC, as borrower, Heritage Title, as trustee, and

CV3 Financial Services, LLC ("CV3 Financial"), as lender/beneficiary, recorded on

February 22, 2024 as Doc #2024016206 among the land records of the Recorder of Deeds.

A true copy of the *CV3 Deed of Trust* is attached and incorporated by reference as Exhibit

B.

9.      The *CV3 Deed of Trust* purports to secure a *Secured Note* dated December

15, 2023 (the "CV3 Note"), from REMC, as maker, to the order of CV3 Financial, as lender,

in the original principal amount of $1,928,119. The *CV3 Note* is signed by "Jacqueline Isley,

Authorized Signor" on behalf of "REMC LLC, a District of Columbia Limited Liability

Company." A true copy of the *CV3 Note* is attached and incorporated by reference as

Exhibit C.

10.     By *Assignment of Deed of Trust* dated December 18, 2023 (the "First

Assignment"), and recorded on February 26, 2024, as Doc #2024017413 among the land

records of the Recorder of Deeds, CV3 Financial assigned all of its right, title and interest in the *CV3 Deed of Trust* to CV3 Trust. A true copy of the *First Assignment* is attached and incorporated by reference as Exhibit D.

11.    By *Assignment of Deed of Trust* dated May 3, 2024 (the "Second Assignment"), and recorded on May 7, 2024, as Doc #2024042458 among the land records of the Recorder of Deeds, CV3 Trust assigned all of its right, title and interest in the *CV3 Deed of Trust* to TVC Funding II, LLC ("TVC Funding"). A true copy of the *Second Assignment* is attached and incorporated by reference as Exhibit E.

12.    By *Assignment of Deed of Trust* dated July 3, 2024 (the "Third Assignment"), and recorded on July 8, 2024, as Doc #2024062584 among the land records of the Recorder of Deeds, TVC Funding assigned all of its right, title and interest in the *CV3 Deed of Trust* to CV3 Alpha RE, solely in its capacity as Separate Trustee for CV3 Trust. A true copy of the *Third Assignment* is attached and incorporated by reference as Exhibit F.

13.    Upon information and belief, CV3 Alpha RE, as Separate Trustee for CV3 Trust, is the current holder of the *CV3 Note* and the beneficiary of the accompanying rights under the *CV3 Deed of Trust*.

14.    REMC does not own and has never owned any right, title or interest in or to the S Street Property.

15.    At all times relevant to this Complaint, only the Debtor has owned any right, title and interest in and to the Property.

16.    REMC does not have and has never had any authority to convey any right, title or interest in or to the S Street Property.

17.     The Debtor has never conveyed any right, title or interest in or to the S Street

Property to CV3 Financial.

18.     The *CV3 Note*, having been made and delivered by REMC, does not

constitute an indebtedness of the Debtor. As such, contemporaneous with the filing of this

*Complaint*, the Trustee is filing an *Objection* in the Bankruptcy Case (as that term is defined

below) with respect to that certain Proof of Claim, as amended, filed by CV3 Alpha RE.

19.     On June 19, 2025 (the "Petition Date"), the Debtor filed a voluntary

petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101

*et seq*. (the "Bankruptcy Code"), thereby commencing the above-captioned case (the

"Bankruptcy Case"). Gold was appointed successor trustee on June 23, 2025 (Docket No.

6) and continues to serve following the conclusion of the meeting of creditors on July 23,

2025.

20.     The Trustee intends to sell the S Street Property for the benefit of the

bankruptcy estate, free and clear of all liens, claims, encumbrances and interests, with all

valid liens, claims, encumbrances and interests attaching to the proceeds of sale.

## COUNT I
### Declaratory Judgment on the Validity of the CV3 Deed of Trust Lien
### 11 U.S.C. §105 and Fed. R. Bankr. P. 7001(b)

21.     Plaintiff incorporates the allegations set forth in paragraphs 1-20 as though

set forth herein in full.

22.     The *CV3 Deed of Trust* did not create a valid lien in the S Street Property

because (i) only REMC signed and delivered the document to CV3 Financial, (ii) REMC

does not own and has never owned any right, title or interest in or to the S Street

Property, and (iii) REMC does not have and has never had any authority to convey any right, title or interest in or to the S Street Property.

23.     The putative lien created by the *CV3 Deed of Trust* did not attach to the S Street Property or the estate's interest in the S Street Property because (i) only REMC signed and delivered the document to CV3 Financial, (ii) REMC does not own and has never owned any right, title or interest in or to the S Street Property, and (iii) REMC does not have and has never had any authority to convey any right, title or interest in or to the S Street Property.

24.     The indebtedness evidenced by the *CV3 Note* does not constitute a claim against the Debtor because (i) only REMC signed and delivered the document to CV3 Financial, and (ii) the *CV3 Note* was not made or delivered by the Debtor.

### **Relief Requested**

WHEREFORE, Plaintiff prays that the Court enter judgment declaring as follows:

1.     That the putative lien created by the CV3 Deed of Trust does not constitute a valid lien in the S Street Property and did not attach to the S Street Property; and

2.     Such other and further relief as the Court deems just and proper.

Dated: September 15, 2025          Respectfully submitted,

/s/Robert M. Marino
Robert M. Marino, Esq. DC Bar No. 411597
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Counsel for H. Jason Gold, Trustee